**Moises Fortin MIRALDA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14-73115

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

Filed August 3, 2016

David B. Gardner, Attorney, Law Offices of David B. Gardner, Los Angeles, CA, for Petitioner

Nicole N. Murley, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Moises Fortin Miralda, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations in removal proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Fortin Miralda's second motion to reopen as untimely and number-barred, where it was filed over 17 years after the agency's final order, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish materially changed circumstances in Honduras to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought).

We reject Fortin Miralda's contention that the BIA violated due process by failing to consider evidence. *See Najmabadi*, 597 F.3d at 990–91 (finding the Board adequately considered petitioner's evidence and sufficiently announced its decision); *Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) ("an applicant attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence").

We lack jurisdiction to consider Fortin Miralda's argument that the filing deadline for his motion to reopen should have been equitably tolled because he failed to raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

Finally, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014); *cf. Bonilla v. Lynch*, 828 F.3d 1052 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.